IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT CHARLES SMITH,             )
                                  )
        Plaintiff,                )
                                  )
  -vs-                            )    Civil Action No. 18-187
                                  )
NANCY A. BERRYHILL,[1]            )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Karen B. Kostol, held a hearing on August 8, 2016, where Plaintiff testified. (ECF No. 8-2, pp. 2-35). On August 30, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 21-37).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  **Residual Functional Capacity ("RFC")** [2]

Plaintiff first argues that the ALJ erred in making the RFC determination because she considered only a portion of Dr. Gordon's opinion thereby failing to consider the entire opinion of Dr. Gordon. (ECF No. 11, pp. 14-16). To that end, Plaintiff submits that the ALJ incorrectly wrote that Dr. Gordon "gave no opinion as to whether the claimant had any exertional or nonexertional limitations from a physical standpoint (Exhibit C7F)." (ECF No. 11, pp. 14-15). In support of this assertion, Plaintiff's points to Dr. Gordon's Medical Source Statement of Ability to do Work-Related Activities (Physical). (ECF No. 11, p. 15, citing Exhibit C7F pp. 22-27). Therein, Dr. Gordon sets forth various opinions regarding Plaintiff's limitations as to, *inter alia,* sitting/standing/walking and environmental limitations and specifically stated that Plaintiff has "Crohn's disease – has diarrhea that may disrupt an employment environment." (ECF No. 8-17, pp. 45-50). Plaintiff submits that the failure to recognize this portion of the opinion and weigh the

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

same (in connection with Plaintiff's testimony regarding his need to be near a restroom) warrants remand.  (ECF No. 11, pp. 14-16).

A review of the record reveals that the ALJ considered a portion of Dr. Gordon's records but did not consider Dr. Gordon's Medical Source Statement of Ability to do Work-Related Activities (Physical).  (ECF No. 8-2, p. 30).  In fact, the ALJ made the statement that Dr. Gordon gave no opinion as to Plaintiff's exertional or nonexertional limitations from a physical standpoint.  *Id.*  In response, Defendant acknowledges that this declaration by the ALJ is incorrect.  (ECF No. 15, p. 10).  As a result, the ALJ failed to weigh the opinion evidence of Dr. Gordon.  Defendant, however, suggests that this error is harmless because "Dr. Gordon's statement that Plaintiff's diarrhea 'may disrupt an employment environment' was speculative" and because this opinion "would have no effect on the ultimate outcome of the case."  (ECF No. 15, pp. 11-12).  I am not persuaded by Defendant's arguments.

First, Plaintiff did not limit his argument to Dr. Gordon's opinion that his diarrhea may disrupt an employment environment.  To the contrary, Plaintiff asserts the ALJ failed to consider and weigh all of the opinions of Dr. Gordon including those related to strength demands and environmental limitations.  (ECF No. 11, pp. 14-16).  Furthermore, Defendant's assertion that Dr. Gordon's opinion would have no effect on the ultimate outcome is pure speculation, especially considering that Dr. Gordon's opinion involves more than just the one statement regarding Plaintiff's diarrhea.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, she must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper.  *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)).  "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'"  *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812

(E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).

In this case, the ALJ failed to acknowledge or discuss Dr. Gordon's Medical Source Statement of Ability to do Work-Related Activities. It is unclear why the ALJ felt Dr. Gordon did not make such an opinion when it was undisputedly a part of the record. The failure by the ALJ to acknowledge and discuss this probative and relevant medical evidence prohibits me from conducting a proper and meaningful review. Therefore, I cannot find that the ALJ's opinion is based on substantial evidence. Consequently, I find that the ALJ has erred in this regard and remand is required.[3]

An appropriate order shall follow.

---

[3] Since I am remanding as set forth above, the other issues raised by Plaintiff will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the arguments at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT CHARLES SMITH,  )
                            Plaintiff,  )
  -vs-  )    Civil Action No. 18-187
NANCY A. BERRYHILL,[4]  )
COMMISSIONER OF SOCIAL SECURITY,  )
                            Defendant.  )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 10th day of June, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.